46 CCPA

**Application of Joseph F. SEBALD.**
**Patent Appeal No. 6451.**

United States Court of Customs
and Patent Appeals.

July 10, 1959.

———◇———

Daniel H. Bobis, Harrison, N. J., Albert W. Rinehart, Washington, D. C., (Leo Fornero, Harrison, N. J., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

SMITH, Judge.

The examiner and the Board of Appeals have allowed no claims in the application of Joseph F. Sebald, serial No. 323,625 for a "Vacuum Degasifier." Appellant has not appealed the rejection of claims 6, 7, 8 and 12. The present appeal is from the rejection of claims 10, 11 and 13. Claim 13 is the principal claim, on which claims 10 and 11 are dependent.

We are here concerned with a degasifier which may be used to separate oxygen and other non-condensible gases from water. The degasifier disclosed in appellant's specification consists essentially of three elements:

"(1) a tower having a water storage section and a degasifying section,

"(2) an inlet and an annular fluid directing element located in the degasifying section of said tower, and

"(3) a packing in the degasifying section of said tower between the outlet end of the annular fluid directing element and the water storage section of the tower."

These elements are constructed and arranged to provide vapor flow spaces between the packing and the inside of the tower, and between the annular fluid directing element and the inside of the tower. The specification discloses that the packing is provided with lateral passageways which communicate with the said vapor flow spaces. However, these lateral passageways are not limitations in the claims here on appeal.

Claim 13 reads:

"13. In a vacuum degasifier, a cylindrical tower forming a degasifying section and a water storage section at the lowermost end thereof, means at the uppermost end of said

1. United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate *in place of* *Judge O'Connell*, pursuant to provisions of Section 294(d), Title 28 United States Code.

tower for venting oxygen and non-condensible gases from said degasifying section of the tower, inlet means for delivering fluid to said tower at the upper end of said degasifying section for flow therein by action of gravity, an annular fluid directing element mounted in said tower about said inlet means to direct fluid delivered from said inlets towards the center of said degasifying space, said annular fluid directing element in spaced relation to the inner wall of said tower to form vapor flow spaces therebetween which vapor flow space communicates at its upper end with said vent means, packing in said degasifying section mounted therein in spaced relation to and between the outlet end of said fluid directing element and the water storage section to receive fluid from said inlet means, and vertical vapor flow passages formed in said degasifying section between the outer periphery of said packing and said tower said vapor flow passages in operative communication at their upper end with said vapor flow space and opening at their lower ends into the degasifying space above said water storage section whereby substantially uniform total pressure may be maintained in said degasifying section."

Claim 10, which is dependent on claim 13, further defines the packing as being "substantially square in horizontal cross-section." Claim 11, also dependent on claim 13, further defines the packing as being "elongated and disposed in said degasifying section with its longer dimension in the vertical axis of said tower."

Claim 13 was rejected as unpatentable over McMurray patent, No. 1,710,178, which issued April 23, 1929. Claims 10 and 11 were rejected as unpatentable over McMurray in view of Carrier patent, No. 1,138,081, which issued May 4, 1915.

McMurray shows a degasifier which separates gas from a liquid. This is accomplished by passing the gas-liquid mixture over baffle plates in a cylindrical chamber. Separation of the gas from the liquid is caused by agitation of the mixture as it impinges on the baffle plates in the cylindrical chamber. The gas, when separated from the liquid with which it was admixed, flows out of openings provided in the cylindrical chamber. The gas passes into the vertical vapor flow space provided between the outer periphery of that chamber and the inner periphery of the outer chamber.

The Carrier reference shows and claims an air or gas washing apparatus in which there is a chamber and a packing in the chamber. The packing consists of a plurality of relatively long, narrow separate baffles which are arranged in substantially horizontal tiers in the chamber. Each baffle is spaced with respect to the adjacent baffles in each horizontal tier. The baffles in each horizontal tier also are spaced with respect to the adjacent tiers so that baffles and the spaces between them are vertically staggered. The washing liquid, usually water, is distributed over the upper tier of baffles in the packing and flows downwardly through the spaces between the baffles. The air or gas to be washed also flows downwardly over the packing. The individual baffles in the packing cause the air or gas to be broken up into small streams which repeatedly cross the path of the washing liquid as it flows over the baffles in the packing.

Appellant urges three grounds for reversal:

"(1) Claim 13 is allowable over McMurray because McMurray does not show a degasifier having vertical vapor flow passages between the outer periphery of the packing and the tower;

"(2) McMurray is not a proper reference because it is directed to non-analogous subject matter; and

"(3) It is not proper to combine the McMurray and Carrier patents to anticipate claims 10 and 11."

As to appellant's first ground, it is our opinion that McMurray does show the "vertical vapor flow passages formed in said degasifying section between the outer periphery of said packing and said tower" as recited in claim 13. In terms of the positive structure set forth in appellant's claim 13, it is our view that the McMurray patent discloses each of the elements called for in the claim.

■ Appellant has urged that McMurray does not disclose a "Vacuum Degasifier". At most, this term in appellant's claim suggests one field of possible use of the claimed apparatus and is not, therefore, a limitation of the claim. The claim thus falls within the rule applied in those cases listed in Appendix "A" to Kropa v. Robie, 187 F.2d 150, 38 CCPA 858.

Appellant's contention that McMurray relates to a non-analogous art is predicated upon differences in use and operation of the degasifier covered in claim 13 and the degasifier shown in McMurray. The differences which appellant urges between his apparatus and the apparatus of McMurray appear to us to be use or process differences. Such use or process differences properly are not included in such an apparatus claim. It is in connection with a discussion of these use or process differences that appellant refers to the "lateral passageways in the packing." This feature appears to appellant to have some importance in the particular uses of the degasifier covered in claim 13. However, as above noted, claim 13 does not call for any such "lateral passageways."

We hold, therefore, that McMurray is analogous art, even though the McMurray degasifier is shown as used for separating oil from gas. Thus, appellant's device and the McMurray device are both used for the removal of gas from a liquid. As such, both are degasifiers within the accepted meaning of this term.

■ In determining whether McMurray relates to an analogous art, we first look to appellant's claims. If we are to exclude references on the ground that they are selected from a non-analogous art, the claims must positively include those limitations which are asserted to distinguish the claimed apparatus from the apparatus shown in such art. Appellant could have so drawn his claims as to eliminate any references which in fact are non-analogous. Having elected to present apparatus claims of the scope of claim 13 which are broad enough to read upon the apparatus shown in McMurray, we are unwilling now to read into such claim the limitations which appellant here urges in support of his position that McMurray relates to a non-analogous art. We find nothing in the structure recited in claim 13 or in dependent claims 10 and 11 to support appellant's argument that McMurray is not a proper reference.

Appellant's third argument, that the references of McMurray and Carrier cannot be properly combined to anticipate claims 10 and 11 also is based upon what we consider to be the fallacious assumption of appellant that McMurray is not a proper reference. Once we find that McMurray is a proper reference as to claim 13, it also becomes a proper reference upon which to reject claims 10 and 11. All that claims 10 and 11 add to claim 13 are details of the construction of appellant's packing.

■ It is our opinion that it would be obvious to one having the ordinary skills in this art, having before him the packing of the McMurray apparatus and wishing to provide lateral passages therein, to adopt the packing of Carrier.

We therefore affirm the Board of Appeals.

Affirmed.